# IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| **CHANTA LONDON,** | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| **V.** | § | **C.A. NO. 4:12-cv-3011** |
| | § | **(JURY DEMAND)** |
| **ROSHELL GUMS, a/k/a ROSCHELL** | § | |
| **D. WARD, a/k/a ROSCHELL** | § | |
| **REAVELY, d/b/a TDA** | § | |
| **INVESTIGATIONS, d/b/a THOMAS,** | § | |
| **DIXON, ASSOCIATE** | § | |
| **INVESTIGATIONS, d/b/a THOMAS,** | § | |
| **DIXON & ASSOCIATES; ANTONIO** | § | |
| **THOMAS; FRANK GIBBS, JR.;** | § | |
| **FREDERIC THOMAS; ANTHONY** | § | |
| **KENNEDY; SHARON DAVIS, d/b/a** | § | |
| **SET 'EM FREE BAIL BONDS and** | § | |
| **SET 'EM FREE BAIL BONDS, INC.,** | § | |
| | § | |
| *Defendants*. | § | |

## TEMPORARY RESTRAINING ORDER

Plaintiff in this cause has filed a verified Complaint requesting issuance of a temporary restraining order, supported by detailed affidavit as set forth in her Plaintiffs' Original Complaint and Application for Temporary Restraining Order and Temporary and Permanent Injunctions.  It clearly appears from the facts set forth in the Affidavit of Chanta London in support of the complaint and application

1

for injunctive relief that the Defendants, ROSHELL GUMS, a/k/a ROSCHELL D. WARD, a/k/a ROSCHELL REAVELY, d/b/a TDA INVESTIGATIONS, d/b/a THOMAS, DIXON, ASSOCIATE INVESTIGATIONS, d/b/a THOMAS, DIXON & ASSOCIATES; ANTONIO THOMAS; FRANK GIBBS, JR.; FREDERIC THOMAS; ANTHONY KENNEDY; SHARON DAVIS, d/b/a SET 'EM FREE BAIL BONDS; and SET 'EM FREE BAIL BONDS, INC., should be immediately restrained with regard to the harassment, false and misleading representations and threats and violations of the Texas Collection Practices Act codified in Tex. Fin. Code, § 392.101, et seq., for which CHANTA LONDON requested relief including that Defendants be prohibited from contacting by telephone or coming within five hundred feet (500') of the Plaintiff, CHANTA LONDON, or her respective family members, or her workplace.  Unless the Defendants are so restrained, enjoined and ordered during the pendency of this suit from this time forward, Defendant will continue to take such action as is complained of in likely derogation of the rights and legal privileges of Plaintiff before a hearing is had on Plaintiff's application for preliminary injunction. The Court further finds that if the commission of these acts is not restrained immediately, Plaintiff will suffer irreparable injury because the Defendants have repeatedly telephoned the Plaintiff, her workplace, and her family members and made false statements that the Plaintiff committed a crime and made

false threats that the Plaintiff would be arrested for a crime causing severe Plaintiff

emotional harm, which injury would be irreparable and permanent and unlikely to be

or incapable of being adequately reduced to a judgment for damages.  There is

effectively no remedy at law that would be clear and adequate to protect Plaintiff's

personal interests of physical security and emotional peace of mind. The relief

requested and ordered herein is consistent with the public policy interest of this state

and locality.  Such relief is authorized under Tex. Fin. Code, § 392.403(a)(1).  The

Court further finds that there is little or no damage or detriment to the Defendants

associated with the granting of this relief and that any such potential detriment or

damage is outweighed by the damage to the Plaintiff and adequately secured by the

bond established herein.  It is therefore,

**ORDERED, ADJUDGED and DECREED** that the Defendants, ROSHELL

GUMS, a/k/a ROSCHELL D. WARD, a/k/a ROSCHELL REAVELY, d/b/a TDA

INVESTIGATIONS, d/b/a THOMAS, DIXON, ASSOCIATE

INVESTIGATIONS, d/b/a THOMAS, DIXON & ASSOCIATES; ANTONIO

THOMAS; FRANK GIBBS, JR.; FREDERIC THOMAS; ANTHONY

KENNEDY; SHARON DAVIS, d/b/a SET 'EM FREE BAIL BONDS; and SET

'EM FREE BAIL BONDS, INC., and any and all of their employees,

representatives, and agents, be, and hereby are prohibited from contacting by

telephone or coming within five hundred feet (500') of the Plaintiff, CHANTA LONDON, or her respective family members, or her workplace.

It is further,

**ORDERED, ADJUDGED and DECREED** that the Defendants, ROSHELL GUMS, a/k/a ROSCHELL D. WARD, a/k/a ROSCHELL REAVELY, d/b/a TDA INVESTIGATIONS, d/b/a THOMAS, DIXON, ASSOCIATE INVESTIGATIONS, d/b/a THOMAS, DIXON & ASSOCIATES; ANTONIO THOMAS; FRANK GIBBS, JR.; FREDERIC THOMAS; ANTHONY KENNEDY; SHARON DAVIS, d/b/a SET 'EM FREE BAIL BONDS; and SET 'EM FREE BAIL BONDS, INC., appear before the Honorable _____, Judge of the above-named court on _____, 2012, at _____ o'clock __.m. in Courtroom ____ at the United States Courthouse, 515 Rusk Street, in Houston, Harris County, Texas 77002, then and there to show cause why a preliminary injunction should not be issued as requested by the Plaintiff, Chanta London. The Clerk of the Court is hereby directed to issue a show cause notice to Defendants, ROSHELL GUMS, a/k/a ROSCHELL D. WARD, a/k/a ROSCHELL REAVELY, d/b/a TDA INVESTIGATIONS, d/b/a THOMAS, DIXON, ASSOCIATE INVESTIGATIONS, d/b/a THOMAS, DIXON & ASSOCIATES; ANTONIO

4

THOMAS; FRANK GIBBS, JR.; FREDERIC THOMAS; ANTHONY KENNEDY; SHARON DAVIS, d/b/a SET 'EM FREE BAIL BONDS; and SET 'EM FREE BAIL BONDS, INC., to appear at the preliminary injunction hearing.

The Clerk of the above-captioned Court shall forthwith on the filing by Plaintiff of a bond hereinafter required, or cash in lieu of bond as directed, and approving the same according to the law, issue a temporary restraining order in conformity with the law and the terms of this order.

This order shall not be effective unless and until Plaintiff executes and files with the Clerk a bond, or cash in lieu thereof in conformity with the law, in the amount of _____ and __/100 Dollars ($_____).

SIGNED this ___ day of _____, 2012, at _____ o'clock __.m.


_____
U.S. DISTRICT JUDGE

5