UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| CHANTA LONDON, § | |
| § | |
| *Plaintiff*, § | |
| § | |
| v. § | CIVIL ACTION H-12-3011 |
| § | |
| ROSHELL GUMS, a/k/a ROSCHELL D. WARD, § | |
| a/k/a ROSCHELL REAVELY, d/b/a THOMAS, § | |
| DIXON, ASSOCIATE INVESTIGATIONS, d/b/a § | |
| THOMAS DIXON & ASSOCIATES; ANTONIO § | |
| THOMAS; FRANK GIBBS, JR.; § | |
| FREDERIC THOMAS; ANTHONY KENNEDY; § | |
| SHARON DAVIS, d/b/a § | |
| SET 'EM FREE BAIL BONDS; and § | |
| SET 'EM FREE BAIL BONDS, INC., § | |
| § | |
| *Defendants*. § | |

### ORDER

Plaintiff Chanta London has filed a complaint and application for a temporary restraining order, supported by a detailed affidavit setting forth the facts alleged in the complaint. Dkt. 1 & attach. Having considered these documents and the applicable law, the court is of the opinion that her application for a temporary restraining order should be GRANTED.

### I. BACKGROUND

London claims that she used Set 'Em Free Bail Bonds ("Set 'Em Free") to obtain a bond when her husband was in jail. Dkt. 1-1. His bail was $20,000.00, and she was able to acquire a bond after making a $750 down payment on the $2,000.00 fee. *Id.* She asserts that she made a payment of $50.00 to $100.00 every week and has paid the $2,000.00 in full. *Id.* Her husband appeared in court as required, satisfying the bond obligation. *Id.* However, London states that Set 'Em Free started calling her at her workplace, telling her that the bond had not been paid due to late fees and

other penalties. *Id.* London alleges that Set 'Em Free told her that she would be arrested if she did not pay. *Id.* London states that she asked for proof that she owed the money and asked Set 'Em Free not to call her at work any more because she could get fired. *Id.* Set 'Em Free, however, continued to call London at work and on her cell phone. *Id.*

Soon thereafter, London's aunt and mother both also informed London that somebody had called them and stated that London may be going to jail if she did not pay her bail bond. *Id.* London's grandmother also allegedly received a call from a man who told her that London was in trouble with the law and could be going to jail. *Id.* Then, a person from TDA Investigations left a message on London's cell phone. *Id.* The person allegedly stated that he or she was an investigator and that if she did not pay the amount due to Set 'Em Free, she would be arrested. *Id.* When London called TDA Investigations back, she was informed that TDA Investigations was not subject to debt collection laws and could continue to call her friends, family, and workplace, and could disclose the nature of the debt and the circumstances behind the bail bond. *Id.*

London states that she will be fired at work if she continues to receive these calls, as she is not allowed to have personal calls at work. *Id.* Additionally, the substance of the calls will tarnish her reputation with coworkers. *Id.* Moreover, the constant threats of arrest are scaring her and her family. *Id.* She seeks an order restraining defendants Roshell Gums, a/k/a Roschell D. Ward, a/k/a Roschell Reavely, d/b/a TDA Investigations, d/b/a Thomas, Dixon, Associate Investigations, d/b/a Thomas, Dixon & Associates; Antonio Thomas; Frank Gibbs, Jr.; Frederic Thomas; Anthony Kennedy; Sharon Davis, d/b/a Set 'Em Free Bail Bonds; and Set 'Em Free Bail Bonds, Inc. (collectively, "Defendants") from harassing her and making false and misleading impressions, from contacting her by telephone or coming withing five hundred feet of her, her family members, or her workplace. Dkt. 1& 1-2.

2

## II. LEGAL STANDARD

A party seeking a temporary restraining order or other injunction pursuant to Rule 65 of the Federal Rules of Civil Procedure has the burden to demonstrate each of four elements: (1) a substantial likelihood of success on the merits; (2) a substantial threat of irreparable injury if the injunction is denied; (3) that the threatened injury outweighs any prejudice the injunction might cause the defendant; and (4) that the injunction will not disserve the public interest. *Bluefield Water Ass'n, Inc. v. City of Starkville, Miss.*, 577 F.3d 250, 252-53 (5th Cir. 2009); *Affiliated Prof'l Home Health Care Agency v. Shalala*, 164 F.3d 282, 285 (5th Cir. 1999). Injunctive relief, particularly at the preliminary stages of litigation, is an extraordinary remedy that requires an unequivocal showing of the need for the relief to issue. *Valley v. Rapides Parish Sch. Bd.*, 118 F.3d 1047, 1050 (5th Cir. 1997). Thus, injunctive relief should only be granted where the movant has "clearly carried the burden of persuasion." *Bluefield Water Ass'n*, 577 F.3d at 252-53; *Anderson v. Jackson*, 556 F.3d 351, 360 (5th Cir. 2009).

## III. ANALYSIS

The court finds that London has met her burden with regard to the issuance of a temporary restraining order. London claims that representatives of TDA Investigations have called her attempting to collect a debt. Dkt. 1-1. Under Texas Finance Code section 392.001, a "debt collector" is "a person who directly or indirectly engages in debt collection . . . ." Tex. Fin. Code Ann. § 392.001(6). Thus, despite what TDA Investigations allegedly told London, it was acting as a debt collector when it called her to attempt to collect a debt and was therefore required to follow the Texas statutes governing debt collectors. Under Texas Finance Code section 392.301, "debt collectors may not use threats, coercion, or attempts to coerce" that involve "threatening that the debtor will be arrested for nonpayment of a consumer debt without proper court proceedings." Tex.

3

Fin. Code § 392.301(a)(5). London's affidavit indicates that this is exactly what TDA Investigations has been doing. Thus, there is a substantial likelihood of success on the merits. Additionally, there is good cause to believe that London will suffer irreparable harm if the restraining order is not issued, London will suffer irreparable harm to her reputation and possibly lose her job. Any harm to defendants caused by the issuance of a temporary restraining order, which would be, at most, the amount of money that will not be collected, does not outweigh the harm to London caused by the calls she receives. And, finally, the issuance of a restraining order does not disserve the public interest because it is in the public's best interest for debt collectors to acknowledge they are debt collectors and to follow the statutes that the state and federal government have enacted to protect consumers. Thus, London has met her burden, and her application for a temporary restraining order is GRANTED. The court finds that it is appropriate to issue a temporary restraining order without notice pursuant to Federal Rule of Civil Procedure 65(b)(1) as (1) London's attorney has provided Defendants with a copy of the application; (2) the burden of complying with the order is light; and (3) the potential harm to London's reputation and employment if the *ex parte* temporary restraining order were not issued is significant.

### IV. TEMPORARY RESTRAINING ORDER

London's application for a temporary restraining order (Dkt. 1) is GRANTED. It is therefore ORDERED that Defendants, their employees, representatives, and agents, are hereby prohibited from contacting by telephone or coming within five hundred feet of London, her family members, or her workplace. It is further ORDERED that Defendants shall appears before the Honorable Gray H. Miller on Wednesday, October 17, 2012, at 2:00 p.m. in Courtroom 9D at the United States Courthouse, 515 Rusk Street, in Houston, Harris County, Texas, and show cause why a preliminary injunction should not be issued as requested by London. Defendants shall file a response to the

application for a preliminary injunction no later than 5:00 p.m. on October 16, 2012.

It is further ORDERED that this Temporary Restraining Order will not be effective unless and until London executes and files with the court a bond in conformity with the law, or a cash deposit in lieu thereof, in the amount of $100.00.

It is further ORDERED that London shall serve Defendants with her original complaint and application for a temporary restraining order and preliminary and permanent injunctions (Dkt. 1), the order for initial pretrial and scheduling conference and order to disclose interested persons (Dkt. 2), and this Temporary Restraining Order consistent with the Federal Rules of Civil Procedure, and to file proof of this service in the record no later than October 15, 2012.

It is so ORDERED.

Signed at Houston, Texas on October 11, 2012, at 3:20 p.m.

_____
Gray H. Miller
United States District Judge