UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CHANTA LONDON, | § | |
| | § | |
|     *Plaintiff*, | § | |
| | § | |
| v. | § | CIVIL ACTION H-12-3011 |
| | § | |
| ROSHELL GUMS, *et al.*, | § | |
| | § | |
|     *Defendants*. | § | |

**MEMORANDUM AND ORDER**

Pending before the court is a motion for entry of damages against defendants Roshell Gums, Antonio Thomas, Set 'Em Free Bail Bonds, Inc., and Anthony Kennedy, filed by plaintiff Chanta London. Dkt. 40. Having considered the motion, relevant documents in the record, and the applicable law, the court is of the opinion that the motion should be DENIED.

**I. BACKGROUND**

This is an unfair debt collection case in which plaintiff Chanta London claims multiple defendants are jointly and severally liable for engaging in debt collection practices that are in violation of the FDCPA, the Texas Finance Code, and The Texas Deceptive Trade Practices Act, and that Set 'Em Free Bail Bonds and Davis are liable for negligent hiring and negligent supervision. Dkt. 1. London also asserts claims against all defendants for intentional infliction of emotional distress and invasion of privacy by intrusion. *Id.*

The original complaint, which was filed on October 9, 2012, included an application for a temporary restraining order and preliminary injunction. *Id.* On October 11, 2012, the court granted the application for a temporary restraining order and set a hearing on the application for a preliminary injunction. Dkt. 3. On October 15, 2012, summonses were served upon Kennedy,

Antonio Thomas, Gums, Set 'Em Free Bail Bonds, Inc., and Davis. Dkts. 4-8. It appears that defendants Frank Gibbs, Jr., and Frederic Thomas were never served. On the date of the hearing, Kennedy, Antonio Thomas, and Davis made appearances. Dkt. 13. The court granted the application for a preliminary injunction during the hearing and signed a written preliminary injunction on October 24, 2012. *Id.*; Dkt. 18.

On November 7, 2012, London moved for the entry of default against Gums, Kennedy, and Set 'Em Free. Dkts. 19, 24. The court denied the motion as to Gums and Kennedy, initially, and granted the motion as to Set 'Em Free.[1] Dkt. 26. The court noted in that order that Gums had actually filed an answer and that while Kennedy did not file an answer, he had appeared at the preliminary injunction hearing. *Id.* The court gave Kennedy 20 days from the date of the order to file an answer and advised that default would be entered if he failed to do so. *Id.* On February 21, 2013, Kennedy still had not answered, so the court entered a default judgment against him. Dkt. 33. On May 22, 2013, London renewed her motion for default against Gums, and moved for default against Antonio Thomas, noting that even though these defendants filed answers, they failed to list any address, phone number, or email address at which they could be contacted, and all recent filings as well, as all mail London's counsel had attempted to send, had been returned as undeliverable. Dkt. 38. The court granted the motion on June 27, 2013. Dkt. 39. In the orders granting default judgment, the court noted that damages would be determined on submission. Dkts. 26, 33, 39. London now seeks an interlocutory entry of damages against Gums, Antonio Thomas, Set 'Em Free

---

[1] At this point, all court documents mailed to Antonio Thomas, Kennedy, and Gums began to be returned as undeliverable. *See* Dkts. 28-32, 34-37.

Bail Bonds, and Kennedy ("Defaulting Defendants") for past mental anguish, past and future loss of personal and business reputation, statutory damages, and attorney's fees and expenses. Dkt. 40.

## II. ANALYSIS

The court finds it premature to enter damages against the Defaulting Defendants while the claims against Davis are still pending. Entering damages against defaulting defendants when non-defaulting defendants remain in the case could result in inconsistent judgments. *See In re Uranium Antitrust Litig.*, 617 F.2d 1248, 1262 (11th Cir. 1980) (noting that entering damages against the defaulting defendants before the claims against the answering defendants are adjudicated creates the "possibility of two distinct determinations as to damages" and holding that a "damages hearing may not be held until the liability of each defendant has been resolved")*; Garafola v. Ecker Restoration Corp.*, No. 94 CIV. 7999 (CSH), 1996 WL 312346, at *1-2 (S.D. N.Y. 1996) (collecting cases and finding that in cases involving joint and several liability, a "default judgment may be entered, [but] the courts have consistently held that it is appropriate to enter judgment solely as to liability and not as to the amount of damages to be assessed against the defaulting party . . . ."). Here, London seeks joint and several liability against all the defendants for most of her claims. Dkts. 1, 40. There is a risk of inconsistent amounts being awarded now and after the claims against Davis have been adjudicated, should London prevail on those claims. Specifically, the court is concerned about the possibility of different amounts being awarded for mental anguish and damage to character and reputation at this point, based only on London's evidence, and after Davis has had the opportunity to pose a challenge to those asserted damages. The court thus finds it best to wait until liability is

determined with regards to Davis before determining the appropriate amount of damages.[2] *See* Dkts. 1, 40.

### III. CONCLUSION

The motion for entry of damages against the Defaulting Defendants (Dkt. 40) is **DENIED**.

It is so ORDERED.

Signed at Houston, Texas on August 1, 2013.

                                             Gray H. Miller
                                       United States District Judge

---

[2] The plaintiff also seeks statutory damages against three defendants, which will also be addressed at the time of final judgment in the interest of judicial efficiency. Dkt. 40 at 5.