UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CHANTA LONDON, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | CIVIL ACTION H-12-3011 |
| | § | |
| ROSHELL GUMS, a/k/a ROSCHELL D. WARD, | § | |
| a/k/a ROSCHELL REAVELY, d/b/a THOMAS, | § | |
| DIXON, ASSOCIATE INVESTIGATIONS, d/b/a | § | |
| THOMAS DIXON & ASSOCIATES; ANTONIO | § | |
| THOMAS; FRANK GIBBS, JR.; | § | |
| FREDERIC THOMAS; ANTHONY KENNEDY; | § | |
| SHARON DAVIS, d/b/a | § | |
| SET 'EM FREE BAIL BONDS; and | § | |
| SET 'EM FREE BAIL BONDS, INC., | § | |
| | § | |
| *Defendants*. | § | |

## ORDER

Pending before the court is defendant Set 'Em Free Bail Bonds, Inc.'s motion to set aside default.  Dkt. 58.  After considering the motion and applicable law, the court is of the opinion that the motion should be DENIED.

The court granted plaintiff Chanta London's motion for default against Set 'Em Free Bail Bonds, Inc. after Set 'Em Free Bail Bonds, Inc. was served by serving Sharon Davis, Set 'Em Free Bail Bonds, Inc.'s president, on October 12, 2012.  Dkt. 7.  Sharon Davis filed an answer on behalf of "Sharon Davis d/b/a Set 'Em Free Bailbonds" on October 16, 2012.  Dkt. 11.  Set 'Em Free, Inc. never filed an answer and never appeared through counsel.

Set 'Em Free Bail Bonds, Inc. now argues that it did not willfully fail to answer.  Dkt. 58. Instead, Set 'Em Free Bail Bonds, Inc. stresses that Davis did not understand that a corporation must appear through counsel and believed that her answer covered both herself, the d/b/a, and the

corporation.  *Id.*  Thus, Set 'Em Free Bail Bonds, Inc. requests that the court set aside the default because its failure to answer was not willful.  *Id.*  It also argues that London will not be prejudiced and that Set 'Em Free Bail Bonds, Inc. has a meritorious defense.  *Id.*

The court finds that the failure to answer and respond was not simply a mistake made by a pro se litigant who does not understand the system, as Set 'Em Free Bail Bonds, Inc.'s motion implies.  Davis was served with London's request for entry of default via certified mail, return receipt requested.  Dkt. 24.  In the motion for default, London argued that the "corporation has not filed an answer through counsel.  To the extent that Ms. Davis, in response to this motion, files an answer on behalf of the corporation Set 'Em Free Bail Bonds, Inc., such answer must be struck as *a corporation cannot represent itself* and can appear only through counsel."  *Id.* (emphasis added).  While the court understands that Davis d/b/a Set 'Em Free Bail Bonds is pro se, there was no legalese in this motion that would have prevented Davis from understanding that London was arguing that the corporation had not answered and that the corporation had to be represented by counsel.

The response to the motion for default was due on January 17, 2013.  *Id.*  Davis did not retain counsel for Set 'Em Free Bail Bonds, Inc. to respond to the motion for default.  She did not even file a pro se response or answer on Set 'Em Free Bail Bonds, Inc.'s behalf.  The court therefore entered default judgment against Set 'Em Free Bail Bonds, Inc. as to liability on January 23, 2013.  Dkt. 26.

Davis did not immediately retain counsel for Set 'Em Free Bail Bonds, Inc. upon receipt of the default judgment.  Davis also did not attempt to move for reconsideration on Set 'Em Free Bail Bonds, Inc.'s behalf.  Instead, she waited until almost a year after the court entered default as to

liability to retain counsel for Set 'Em Free Bail Bonds, Inc.[1]  See Dkt. 55 (notice of appearance filed on December 6, 2013).

The court generally gives a great deal of leeway to pro se litigants.  However, in this case the court finds the explanation that Davis did not understand that she had to have counsel for the corporation disingenuous.  The motion to set aside default (Dkt. 58) is DENIED.

Signed at Houston, Texas on February 10, 2014.

_____
Gray H. Miller
United States District Judge

---

[1] Davis retained counsel after the bench trial of the claims made against Davis d/b/a Set 'Em Free Bail Bonds.  At the bench trial, the court noted that default had been entered against the corporation because Davis cannot represent the corporation.  Davis asserted that Set 'Em Free Bail Bonds, Inc. ceased to exist in 2009 and that she operated Set 'Em Free Bail Bonds as a sole proprietorship.  London's counsel asserted that there is a corporation in the Secretary of State's records.